Mr. Justice James
delivered the opinion of the Court:
The proof in this case satisfies us that the complainant, a very young man who had just come of age, married the defendant without any suspicion of her 'condition, and that she was delivered of a fully developed child within three or four days after the marriage. We are also satisfied that he had had Ho criminal connection with the defendant before the marriage; that the child was begotten by another person. The complainant asks that the Court shall exercise its general power and jurisdiction over cases of fraud, in pronouncing the contract to be a nullity ab initio. Cases have been cited to us in which some of the State Courts have held that although the divorce law of the State did not include fraud as a ground for divorce, yet a court of equity, having general jurisdiction in cases of fraud, could bring its powers into activity in a case of this sort, no other Court being clothed with jurisdiction over the matter.
It was argued that the English Chancery Courts could *310 not pronounce a decree of nullity, because the whole jurisdiction over marriage had been given to the ecclesiastical courts, but that inasmuch as no such interfering jurisdiction stands in the way of the Equity Court of this District, it naturally must be supposed to have jurisdiction over this matter, on the ground of its general jurisdiction over questions of fraud.
We think it is not necessary for us to decide that question in the case before us, inasmuch as in our opinion' we have a perfectly tenable ground for the jurisdiction of the Court.
It happens that among the causes of divorce provided in this District is the following:
“Third. Where either party is matrimonially incapacitated at the time of the marriage.” It. S. D. C., sec. 738.
In our opinion anything which amounts to a matrimonial incapacity, is within the terms of the statute; and we think in the most serious and earnest sense, that when a woman is at the time of her marriage already pregnant and cannot conceive again by her husband while she is in that condition, she is within the broad spirit and intent of the law, absolutely incapacitated matrimonially.
This bill asks for a decree of nullity; but it is quite competent for us to give the relief that the bill makes out. It makes out a case which entitles the plaintiff to a divorce a vinculo. We pass, without deciding it, the question whether fraud would be a ground. We merely say that existing pregnancy at the time of the marriage is a matrimonial incapacity for which the husband has a right to a divorce, unless he has, upon plain equitable principles which are applied to' such cases, lost his right by reason of the fact that he was the father of the child, or that he knew perfectly the condition of the woman, and was willing to waive the objection. If he marries innocently and in ignorance of her condition, he is entitled to a divorce upon the ground we have stated.

The decree will be for a divorce a vinculo.